## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Oakwood Healthcare, Inc.,

|  |  |
|---|---|
| Plaintiff, | Case No. 13-cv-14767 |
|  | Hon. Judith E. Levy |
| v. | Mag. Judge Michael J. Hluchaniuk |

Oakwood Hospital Employees
Local 2568, Affiliated with
Michigan Council 25 of the
American Federation of State,
County and Municipal Employees,
AFL-CIO,

Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION TO VACATE ARBITRATION AWARD [15]

This is a labor union arbitration case that is before the Court on
plaintiff Oakwood Healthcare, Inc.'s motion to vacate an arbitration
award.  (Dkt. 15.)

I.    Background

Plaintiff employed Shannon "Ken" Curry, and at the time of his
termination he was employed as a Dietary Assistant II.  Curry's duties
included cleaning the hospital kitchen, in which food was prepared for

patients, visitors, and employees. The employment relationship was governed by a Collective Bargaining Agreement ("Oakwood CBA") (Dkt. 11-2) and Employee Work Rules issued pursuant to the Oakwood CBA.

A. July 16, 2012 Incident, Termination, and Arbitration

On July 16, 2012, one of plaintiff's cooks, Robert Ebbing, spilled potatoes on the hospital kitchen floor and then left the area to bring food to an event. Curry swept the potatoes up along with some other debris from the kitchen floor and placed the waste on a sanitary food preparation table. He did this two successive times. The incident was captured on a video, which was later shown to Curry after he denied putting any debris on the table. Plaintiff suspended Curry pending investigation on July 30, 2012. Curry was found to have violated Major Work Rule 17 of the Employee Work Rules by failing "to fulfill the responsibilities of the job to an extent that might reasonably or does cause injury to a patient, visitor or another employee." The penalty for a Major Work Rule violation is either a three- or five-day suspension, or termination. Plaintiff conducted an investigation of the incident and based on the outcome of the investigation, Curry was discharged on August 6, 2012.

Curry was a member of a union, AFSCME Local 2568, and the union filed a grievance on Curry's behalf. On July 26, 2013, an arbitration hearing was held pursuant to the Oakwood CBA. On October 25, 2013, the arbitrator issued his opinion and award, in which he agreed with plaintiff that Curry had violated a Major Work Rule. The arbitrator set forth his reasons, stating that "what Mr. Curry did on July 16, 2012 is just unacceptable to say the least. And then, in the view of this Arbitrator, he aggravated the situation by accusing Mr. Ebbing of using the N word, which did not happen, and further aggravated [sic] by claiming that the words that were used caused him to react when in fact his actions took place for the most part before any statements were made to Curry." (Dkt. 1-3, p. 27.)

Despite finding that Curry had violated Major Work Rule 17, the arbitrator ordered Curry reinstated with full seniority and a 15-month suspension due to "mitigating factors" which he took into consideration based upon the Oakwood CBA's just cause standard. Those factors included Curry's ten years of seniority, a positive performance evaluation, and two certificates of appreciation. The arbitrator also determined that plaintiff, at its discretion, may require Curry to attend

3

an anger management program sponsored by the Hospital's Employee Assistance Program.

Instead of implementing the arbitrator's award, plaintiff filed suit in this Court on November 18, 2013, and filed this motion to vacate the arbitrator's award on April 25, 2014. Oral argument was held on July 14, 2014, and the case is now ready for decision.

B. Relevant Language From the Oakwood CBA and Work Rules

Section 3.2, Step 4(c) of the Oakwood CBA:

> The arbitrator shall not have jurisdiction to add to, subtract from, or modify any of the terms of this Agreement . . . or to substitute discretion for that of any of the parties hereto or to exercise any of their functions or responsibilities.

Section 4.1(a) of the Oakwood CBA:

> The Employer has the right to employ any person who is satisfactory to the Employer, and also to discharge or discipline a seniority employee for just and proper cause. The principle of progressive discipline is recognized except in cases of serious offenses justifying immediate discharge.

Section 8.1 of the Oakwood CBA:

> The Employer retains the sole right and shall have a free hand to manage and operate its Hospital, subject only to the condition that it shall not do so in any manner which is inconsistent with this Agreement . . . . The Employer also

4

shall have the right to make at any time and to enforce any rules and regulations which it considers necessary or advisable for the safe, effective, and efficient operation of the Employer so long as such rules and regulations are not inconsistent herewith, and any employee who violates or fails to comply therewith may be subject to discipline, and may have recourse to the Grievance Procedure of this Agreement in the event the employee feels aggrieved by such discipline.

Employee Work Rules, Procedures for Major Infractions (Dkt. 14-3, at 53; AR 000237):

Infractions of a major nature will result in corrective action that may begin with Step 4, a 3 or 5 Day Suspension or may result in immediate Termination, Step 5.

## II.   Analysis

Plaintiff argues that under the plain language of the Oakwood CBA, it had the sole discretion to discipline or discharge employees who commit a major infraction, and that the Oakwood CBA did not give the arbitrator jurisdiction to determine whether the employer's exercise of discretion in deciding between a suspension or termination meets the standard for just cause.

The standard for vacating an arbitrator's award is a very high one. So long as "an arbitrator is even arguably construing or applying

the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UCFW Local* 664C, 532 F.3d 405, 411 (6th Cir. 2008) (quoting *Major League Baseball Players Assoc. v. Garvey,* 532 U.S. 504, 509 (2001)). The arbitrator's award, however, "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

The Sixth Circuit uses a "procedural aberration" standard on a motion to vacate an arbitration award to determine whether an arbitrator acted outside the scope of his or her authority. An award may only be overturned when the Court answers one of the following questions in the affirmative:

1) Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration?

2) Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award?

6

3) In resolving any legal or factual disputes in the case, was the arbitrator not "arguably construing or applying the contract"?

*Mich. Family Res., Inc. v. Serv. Emp. Int'l Union Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007). "So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be resisted even though the arbitrator made serious, improvident or silly errors in resolving the merits of the dispute." *Id*. (internal quotation marks omitted).

The dispute in this case is ultimately over how to read Sections 4.1(a) and 8.1 of the Oakwood CBA in harmony with Section 3.2, Step 4(c) and the Procedures for Major Infractions. Section 4.1(a) grants the employer the right to "discharge or discipline a seniority employee for just and proper cause." Section 8.1 also grants the employer "the right to make at any time and to enforce any rules and regulations which it considers necessary or advisable for the safe, effective, and efficient operation of the Employer so long as such rules and regulations are not inconsistent herewith." Section 3.2, Step 4(c) creates a jurisdictional bar preventing the arbitrator from "substitut[ing] discretion for that of

7

any of the parties hereto or … exercise[ing] any of their functions or responsibilities."

It is undisputed that the arbitrator had authority to determine whether Curry committed a major infraction of the rules worthy of discipline or discharge.  Plaintiff, however, argues that the arbitrator's authority ended there, and that plaintiff had the sole discretion to determine Curry's punishment, supported by Sections 3.2, Step 4(c) and 8.1, the Employee Work Rules, and the Procedures for Major Infractions.  By determining whether just and proper cause existed for the employer to enforce its chosen discipline for an "infraction of a major nature", the plaintiff argues that the arbitrator acted outside of his authority by resolving a dispute not committed to arbitration, and was not arguably construing or applying the contract.

Defendant argues that the phrase "just and proper cause" is ambiguous, and that by evaluating the chosen discipline, the arbitrator was, at the very least, arguably construing and applying the contract.  Further, the defendant argues that whenever a range of punishments is available, the determination over which punishment is appropriate is properly committed to the arbitrator to determine.

8

The Sixth Circuit has determined that where collective bargaining agreements commit the right to discipline and discharge solely to employers, arbitrators overstep their authority when they substitute their discretion for that of the employer. *See Amanda Bent Bolt Co. v. Int'l Union, United Auto., Aerospace, Agric. Implement Workers of Am., Local 1549*, 451 F.2d 1277, 1279 (6th Cir. 1971); *Morgan Servs., Inc. v. Local 323, Chicago and Central States Joint Bd., Amalgamated Clothing and Textile Workers Union, AFL-CIO*, 724 F.2d 1217, 1219 (6th Cir.1984) (holding the same under a just cause standard); *accord Int'l B'hood of Elec. Workers, Local 429 v. Toshiba Am., Inc.*, 879 F.2d 208 (6th Cir.1989) (holding that once union stipulated that an employee committed a dischargeable offense, arbitrator lacked authority under the contract to overturn the employer's decision to discharge employee for just cause); *see also SEIU Healthcare Michigan v. St. Mary's Acquisition Co., Inc.*, 09-13215, 2010 WL 2232218 (E.D. Mich. May 27, 2010).

The Sixth Circuit has also held that authority will rest with the arbitrator to determine whether discipline or discharge is appropriate where the collective bargaining agreement is in any way unclear or

ambiguous about the arbitrator's authority to do so.  In *Eberhard Foods v. Handy*, the employer had the sole discretion to discharge employees, but could only do so for just cause.  *Eberhard*, 868 F.2d 890, 892 (6th Cir. 1989).   The *Eberhard* collective bargaining agreement was ambiguous as to whether the arbitrator could review the remedy the employer selected once the arbitrator determined a dischargeable offense was committed, but did provide, as here, that the arbitrator had "no power or authority to amend, alter or modify" the collective bargaining agreement.  *Id.*  Further, the work rules under which the employer sought to terminate the employee were not mentioned in the collective bargaining agreement.  *Id.*  Because "nothing . . . in the CBA or work rules . . . expressly limit[ed] or remove[d] from the arbitrator the authority to review the remedy in this case," the issue of the chosen discipline was within the arbitrator's jurisdiction.  The Sixth Circuit upheld *Eberhard* in *Dixie Warehouse and Cartage Co. v. Gen. Drivers, Warehousemen and Helpers, Local Union No. 89*, 898 F.2d 507, 510 (6th Cir. 1990).

The overarching rule of these cases is that where the collective bargaining agreement is unclear or ambiguous as to whether the

10

arbitrator has the authority to determine the appropriate discipline, as in *Eberhard* or *Dixie*, the arbitrator has unquestioned authority to act in the ambiguous space.   However, if the collective bargaining agreement clearly prohibits the arbitrator from considering a matter, as in *Amanda Bolt*, *Morgan*, and *International Brotherhood*, the arbitrator oversteps his or her authority if he or she alters the employer's chosen remedy.

This case is similar to *International Brotherhood*.   There, the arbitrator had unquestioned jurisdiction to determine whether employees were terminated for just cause and found that the employer had just cause to terminate the employees, but he ordered the employees reinstated.   *Int'l B'hood*, 879 F.2d at 209.   The collective bargaining agreement stated that "[a]ny disciplinary action, including discharge taken as a result of the violation of [the no-strike clause] . . . shall not be altered or amended in the grievance and arbitration procedures[.]"   *Id.* at 210.   The collective bargaining agreement clearly stated that all disciplinary actions were removed from the arbitrator's jurisdiction, and the arbitrator was found to have overstepped his authority by reconsidering the employer's decision on discipline.   *Id.*

11

Here, Section 4.1(a) of the Oakwood CBA grants the employer the discretion to discharge or discipline a seniority employee (which Curry was) for just and proper cause. Section 8.1 of the Oakwood CBA grants the employer the right to make and enforce rules and regulations giving rise to discipline, so long as those rules are not inconsistent with the Oakwood CBA. The Employee Work Rules were issued pursuant to Section 8.1. Critically, Section 3.2, Step 4(c) expressly prohibits the arbitrator from substituting his or her discretion for that of any of the parties to the Oakwood CBA, or from exercising any of the parties' functions or responsibilities. Finally, the applicable work rule regarding the "Procedures for Major Infractions" gives the employer the discretion to suspend or terminate an employee who is found to have engaged in an "infraction of a major nature".[1]

---

[1] At oral argument, the Court questioned plaintiff at length concerning its post-hearing brief submitted to the arbitrator. (Dkt. 14-3, at 160-76.) In that brief, plaintiff stated that "the only disputed issue in this case is whether discharge was the appropriate penalty for the offense" and that "no mitigating factors . . . outweigh the deadly harm that may have resulted from Grievant's [Curry's] conduct." (Id. at 161, 176.) The Court's concern was that these sentences improperly committed the issues of disciplinary just cause and mitigating circumstances to the arbitrator, undercutting plaintiff's argument.

On review of the post-hearing brief, much of which mirrors plaintiff's

12

This case is distinguishable from both *Eberhard* and *Dixie Warehouse*. In both of those cases, the collective bargaining agreements committed to the arbitrator the issue of whether employees were discharged for just cause, and afforded sole discretion to the employer to discharge employees. However, unlike the Oakwood CBA and the collective bargaining agreement in *International Brotherhood*, those agreements did not restrict the arbitrator's jurisdiction over the employer's discharge decisions.

The language of the Oakwood CBA is "sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did." *Eberhard*, 868 F.2d at 891. The defendant is correct that the phrase

---

argument here, the Court is convinced that the plaintiff did not commit the issue to the arbitrator. First, the post-hearing brief argues at length that the arbitrator had no jurisdiction to determine whether discharge was the appropriate penalty for the offense, and only uses those phrases in response to the arbitrator's invocation of mitigating factors. Second, the Court can find no support for the proposition that a party's unclear statement of the arbitral issue in a post-hearing brief can commit an issue to an arbitrator that the arbitrator otherwise lacks jurisdiction to decide.

As a matter of policy, it makes sense that a party could not unilaterally expand an arbitrator's jurisdiction simply by referring to issues otherwise outside of the arbitrator's jurisdiction. If that were so, any negotiated limit on jurisdiction would be rendered meaningless by a few sentences in a brief.

"just and proper cause" is *itself* ambiguous, and that the arbitrator may determine the meaning of that phrase under the Oakwood CBA. That, however, is not the issue in this case. The issue in this case is whether the arbitrator had jurisdiction over the employer's exercise of discretion in disciplining Curry once he determined that Curry had engaged in an infraction of a major nature such that he could apply the "just and proper cause" standard to the employer's discretionary disciplinary decisions. The Court holds that this exercise of jurisdiction was outside of the arbitrator's authority.

The arbitrator's jurisdiction under the Oakwood CBA ends at the point he determines there is just cause for the employer to exercise its discretion, and he is barred by the plain language of the Oakwood CBA from substituting his discretion for the employer's to reflect his own notion of "industrial justice." *Misco*, 484 U.S. at 38. The arbitrator did so here, and as a result, the Court is required to vacate the arbitrator's award of reinstatement.

Plaintiff also argues that the arbitrator's reinstatement of Curry violated an explicit public policy providing for sanitary food preparation areas, and so should also be vacated on that ground. *See W.R. Grace &*

14

*Co. v. Local Union 759*, 461 U.S. 757, 766 (1983); *Shelby Cnty. Health Care Corp. v. Am. Fed. of State, Cnty. & Mun. Emps. Local 1733*, 967 F.2d 1091, 1095 (6th Cir. 1992).  In support of this argument, plaintiff cites a series of state and federal statutes and regulations whose collective purpose is to prevent contamination of the food preparation process in various facilities.  Because the Court is vacating the arbitration award on jurisdictional grounds, it does not reach the issue of whether Curry's reinstatement violated public policy.

III.   Conclusion

For the reasons stated above, the Court determines that the Oakwood CBA did not grant the arbitrator jurisdiction over disciplinary and discharge decisions reserved solely for the employer once he determined that Curry had violated Major Work Rule 17 and had therefore engaged in an "infraction of a major nature."

Accordingly, Plaintiff's motion to vacate the arbitration award is GRANTED; and The arbitration award is HEREBY VACATED.

IT IS SO ORDERED.

Dated: August 5, 2014                    s/Judith E. Levy
        Ann Arbor, Michigan              JUDITH E. LEVY
                                         United States District Judge

15

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2014.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager

16